# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**OSIRIS E LOPEZ,**

    **Plaintiff,**

v.                                            CASE NO. 1:06-cv-00114-MP-AK

**CLEVELAND CLINIC,**
**et al,**
    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

The undersigned has previously recommended that this matter be dismissed for failure to prosecute because no amended complaint had been filed and mail from the Court to Plaintiff at his last known address was being returned as undeliverable. (Doc. 53). Since the submission of the report and recommendation, Plaintiff has made several telephone calls to the chambers of the undersigned and talked to chambers' staff. Plaintiff has verified the address on the docket as correct, but denies receiving any papers from the Court. Plaintiff also concedes that he is presently represented by counsel in ongoing state court criminal proceedings and has reiterated his complaints about those proceedings, in general, as being unconstitutional and in violation of his civil rights.

The recommendation made herein is not meant to replace the previous recommendation (doc. 53) since Plaintiff has still not filed an amended complaint, as

requested, but is submitted to supplement the previous recommendation to provide the district judge additional grounds for dismissal of this lawsuit. Further, recommendations on the merits of Plaintiff's claims will allow Plaintiff the opportunity to object and make his arguments directly to the district judge, as he has requested.

Plaintiff seeks injunctive relief "against the malicious prosecution and false imprisonment and any other appropriate relief in Equity, including Habeas Corpus, under 28 U.S.C. 2241 and 2242, certiorari review, punitive and compensatory damages, etc., while also believing 42 U.S.C. 1988 applies." (Doc. 1, p.8). He sues a number of law enforcement officers, prosecuting and defense attorneys, judges, and offices and agencies involved in charges brought against him in Broward County. Apparently Plaintiff filed suit in this district because he was being held at North Florida Evaluation and Treatment Center (NFETC) at the time, but he is now released and residing in Miami, Florida. Other than NFETC, all the other defendants are in the Southern District of Florida. Since Plaintiff has not complied with the Court's previous Order to file an amended complaint and make clear what his claims are against each of the Defendants, it is not apparent that NFETC is a proper defendant or that any complaint filed by this Plaintiff should be in this district since the gravamen of his claims concern a criminal prosecution which is taking place in Broward County. Thus, since the present complaint states no claims against NFETC, this cause could be dismissed or transferred to the United States District Court for the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. § 1406(a). Given the difficulty in maintaining communication with Plaintiff at his Miami address, the undersigned is of the opinion that it would be "in the interest of justice" to dismiss this cause to allow Plaintiff to bring a new complaint in the

*Case No: 1:06-cv-00114-MP-AK*

proper district and division and establish with that court his resident address and any other means of contact that may facilitate the processing of his cause.  There are no apparent statute of limitations problems in dismissing this cause at this point in time.

It is also abundantly clear that Plaintiff has ongoing state court criminal proceedings and is currently being represented by counsel in those proceedings.  As such, any injunctive relief concerning these proceedings is foreclosed by Younger v. Harris, 401 U.S. 37, 54-55 (1971), which held that state criminal defendants may not assert ancillary challenges to ongoing state criminal proceedings in federal court.   In Younger, the Supreme Court noted that "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."  In a companion case to Younger, the Court added that "(o)nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971).  Even though the Supreme Court has held that 42 U.S.C. §1983 is an act of Congress that falls within the 'expressly authorized' exception to the absolute bar against federal injunctions directed at state court proceedings as set forth in Younger, the Court expressly observed that it did not intend to 'question or qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding. Mitchum v. Foster, 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972).  The Court in Mitchum merely held that the Younger doctrine is not an *absolute* bar to suits brought under 42

U.S.C. §1983, but it expressly did not overrule Younger nor did it alter the dictates of Younger that prohibited federal injunctive intervention in ongoing state court prosecutions except in certain exceptional circumstances where irreparable injury is both great and immediate, where state law is "flagrantly" violative of express constitutional prohibitions, or where there is a showing of bad faith, harassment or other unusual circumstances that would warrant equitable relief. Id., at 230.  Since Mitchum, the Supreme Court has held that intervention in ongoing state court criminal proceedings is not appropriate as a section 1983 cause of action when there is ample opportunity to raise constitutional challenges in those state court proceedings.  See O'Shea v. Littleton, 414 U.S. 488, 500-501 (1974); Kowalski v. Tesmer, 543 U.S. 125, 133  (2004).  In O'Shea, the Court applied the Younger abstention doctrine to bar a suit seeking injunctive relief against future criminal proceedings which it deemed "nothing less than an ongoing federal audit of state criminal proceedings which would indirectly accomplish the kind of interference that Younger v. Harris, *supra*, and related cases sought to prevent." Id., at 500.  The type of injunctive relief sought by Plaintiff in the present suit is precisely the type of federal oversight barred by constitutional principles of federalism and comity.  He asks this Court to enjoin state court judges and prosecutors from bringing charges against him, which he contends are unfounded or unfair, and these proceedings are ongoing, he has an attorney representing him in these proceedings who is able to raise any constitutional issues therein, and there has been no conclusion of these proceedings, therefore, he has appeal rights available to him if the present proceedings do not conclude in his favor.  Plaintiff has failed to articulate what constitutional violations have occurred or what precisely the harassment

against him and his family is about, except that he believes he should not have been prosecuted. If there is not probable cause for his arrest or some type of malicious prosecution being perpetrated against him by law enforcement, these issues can be raised and resolved in state court. Thus, he has not made any showing of an exceptional circumstance sufficient to warrant the exceptional relief he seeks in this court.

Likewise, Plaintiff's claim for damages relative to his ongoing state court criminal prosecution is foreclosed by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), which held that a claim for damages that is related to a sentence or conviction that has not yet been reversed or invalidated is not cognizable under 42 U.S.C. § 1983.

Plaintiff also has no claim under 28 U.S.C. §2241 (or 2254) because although § 2241 is the general habeas corpus statute, any relief solely thereunder is reserved for those instances in which the petitioner is not "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), such as where a pretrial detainee complains that his detention violates the Constitution or laws of the United States. Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003). Where the petitioner is in fact "in custody pursuant to the judgment of a State court," his petition is subject to the additional requirements of § 2254, such as exhaustion and timeliness. *Id.* at 1062. Plaintiff is not in custody at this time, therefore section 2241 is inapplicable, and because he has not yet been convicted in state court, section 2254 is inapplicable.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's

complaint, doc. 1, be **DISMISSED** as barred by the Younger abstention doctrine or dismissed under 28 U.S.C. §1406 in the interest of justice and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this **5th** day of January, 2007.


s/ A. KORNBLUM
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**